UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOKA, LLC,                                        )
                                                 )
                    Plaintiff,                   )      Case No. 2:25-cv-00593-CB
                                                 )
        v.                                       )      Chief Judge Cathy Bissoon
                                                 )
MILESSTORE, *et al.*,                            )
                                                 )
                    Defendants.                  )

**ORDER**

Non-parties Kaizichen, YueShao and Shengxin[1] have filed a Motion to Intervene (Doc.

75) requesting leave to file a Complaint in Intervention.  Their complaint would seek: (1) a

declaratory judgment that their products do not infringe Plaintiff's patents (Counts I and IV), and

that Plaintiff's claims are invalid (Counts II and III); and (2) an order enjoining Plaintiff from

pursuing marketplace enforcement against their "storefronts or product listings based on this

Court's TRO or Preliminary Injunction absent further order of this Court."  Proposed Compl. in

Intervention (Doc. 75-2) at 8, 11, 15, 17, 21, ¶ 6.

The Court hereby DENIES the MOTION to Intervene (Doc. 75) filed by Kaizichen,

YueShao and Shengxin.  In its previous Order (Doc. 73) issued on December 22, 2025, the Court

ruled that its Preliminary Injunction in this case (Doc. 37) does not apply to non-parties,

including the three filers of the instant motion.  See Order (Dec. 22, 2025) (Doc. 73) at 2.  They

have provided no evidence—and have not alleged—that the preliminary injunction is being

---

[1] Their full names are: Guangzhou Kaizichen Technology Co., Ltd., d/b/a Haodsso Direct ("Kaizichen"); Bengbu YueShao E-Commerce Co., Ltd., d/b/a Yueshao ("YueShao"); and Shenzhen Shengxin Technology Co., d/b/a Casesmile ("Shengxin").

enforced against them.  <u>See</u> Br. in Supp. of Mot. to Intervene (Doc. 76) at 1, 3 (alleging that Plaintiff at most "has asserted patent-infringement, false-advertising, product-safety, and marketplace-policy theories" against them to Third Party platforms, which have not relisted their products); Doc. 75-2 at ¶¶ 57, 76 (alleging that Plaintiff "has relied on the allegations in this action" and "not withdrawn those allegations").  Accordingly, the Court sees no case or controversy warranting the issuance of an injunction at this time.  Nor does the Court find intervention necessary or appropriate to protect Kaizichen, YueShao and Shengxin's rights or interests.  <u>See</u> Fed. R. Civ. P. 24(a)(2), 24(b).  If they wish to pursue a declaratory judgment, they can file a separate action to do so.

IT IS SO ORDERED.

May 28, 2026

<u>s/Cathy Bissoon</u>
Cathy Bissoon
Chief United States District Judge

cc: All counsel of record

2